# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLKIE FARR & GALLAGHER LLP,
1875 K Street, NW
Washington, DC 20006

                Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE
2201 C Street, N.W,
HST, Room 6421, Washington, D.C, 20520

              Defendant.

Case No.: 20-cv-1146

## COMPLAINT FOR VIOLATION OF THE
## FREEDOM OF INFORMATION ACT

**INTRODUCTION**

1.     Plaintiff Willkie Farr & Gallagher LLP represent hundreds of American military veterans and Gold Star families who were gravely injured, or whose relatives were killed or wounded by terrorist attacks in Afghanistan. *See Cabrera et al v. Black & Veatch Special Projects Corporation et al,* Case No. 1:19-cv-03833-EGS (D.D.C.).  Plaintiff brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the United States Department of State (the "Department") to produce records as required by law related to contractor payments to the Taliban.

2.     On March 2, 2020, Plaintiff properly submitted eight targeted requests to the Department in accordance with FOIA and applicable department regulations.

3.     The Department's statutory deadline for making a determination concerning each request has expired. However, the Department has neither produced documents nor made a determination as to any of these eight requests. The Department's failure to act on Plaintiff's requests violates FOIA and the Department's applicable regulations.

4.     More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21, 2009).  The Department has thus far disregarded this directive.

5.     Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and now seeks judicial relief compelling the Department to promptly search for and produce the requested records, and enjoining any further improper withholding.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

7.     Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

8.     Plaintiff Willkie Farr & Gallagher LLP is a law firm with an office in Washington, D.C.  Plaintiff submitted each of the FOIA requests identified in this Complaint.

9.     Defendant Department is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department is believed to have possession, custody, and control of records responsive to Plaintiff's requests.

## FACTUAL ALLEGATIONS

### I.     Background

10.     Plaintiff and its undersigned co-counsel represent hundreds of U.S. citizens who were killed or injured, or whose relatives were killed or injured, by Taliban-led terrorist insurgents in Afghanistan between 2009 and 2017.  These victims have asserted claims in this District seeking damages under the federal Anti-Terrorism Act against several large contractors with lucrative businesses in post-9/11 Afghanistan who are alleged to have helped finance the terrorist attacks by, among other things, paying the Taliban to refrain from attacking their business interests.  *See* Complaint, *Cabrera* (Dkt. No. 1).

11.     As alleged in the *Cabrera* Complaint, the U.S. government publicly opposed protection payments and attempted to stop them. Multiple agencies, including the Defendant Department, set up task forces designed to interrupt the flow of protection money to terrorists, and U.S. officials stated repeatedly that such payments were illegal and counterproductive. Federal regulations also required prime contractors to ensure that their contracting practices – including the money spent downstream by their subcontractors – did not finance terrorism.

12.     Plaintiff submitted the FOIA requests at issue to obtain Department records relevant to issues raised in *Cabrera*, including governmental records documenting and analyzing protection payments, and other corrupt acts, committed by the *Cabrera* defendants. Additionally, the various requests seek contracts and related documents relevant to the *Cabrera* defendants' conduct in Afghanistan, which resulted in those defendants providing significant sums of U.S. taxpayer dollars to the very terrorists our country was fighting.

13.     The requested records have broader public significance beyond the *Cabrera* litigation. National media has reported on the *Cabrera* plaintiffs' efforts to hold the Cabrera defendants accountable, reflecting the public's interest in allegations that large corporations financed terrorism in Afghanistan.[1]

## II.     Plaintiff Properly Submitted Eight FOIA Requests for Department Records

14.     On March 2, 2020, Plaintiff properly submitted eight separate requests for records via the Department's FOIA e-mail address (foiarequest@state.gov) provided on the Department's public website.  Freedom of Information Act, *Information Access Guide*, U.S. Dep't of State, (April 23, 2020, 1:53 AM), https://web.archive.org/web/20200423134412/https://foia.state.gov/Request/Guide.aspx (static

---

[1] *See e.g.* Eirk Larson, *Families of Afghan War Dead Say Contractors Bribed Taliban*, Bloomberg (Dec. 27, 2019), https://www.bloomberg.com/news/articles/2019-12-27/families-of-u-s-afghan-war-dead-say-contractors-bribed-taliban; Kevin Breuninger and Lauren Hirsch, *US contractors sued for allegedly paying 'protection money' to the Taliban in Afghanistan*, CNBC (Dec. 27, 2019), https://www.cnbc.com/2019/12/27/lawsuit-contractors-paid-protection-money-used-in-terrorist-insurgency.html; David Shortell, *Gold Star family lawsuit alleges contractors in Afghanistan funneled money to the Taliban*, CNN (Dec. 27, 2019), https://www.cnn.com/2019/12/27/politics/afghanistan-contractor-suit/index.html; Adam Shaw, *Families of Americans killed in Afghanistan sue contractors over alleged Taliban payments*, Fox News (Dec. 27, 2019), https://www.foxnews.com/politics/families-of-americans-killed-in-afghanistan-sue-contractors; Michael R. Gordon and Jessica Donati, *U.S., International Contractors Sued for Allegedly Paying Protection Money to Taliban*, Wall Street Journal (Dec. 27, 2019), https://www.wsj.com/articles/u-s-international-contractors-sued-for-allegedly-paying-protection-money-to-taliban-11577468921.

internet archive showing the contents of https://foia.state.gov/Request/Guide.aspx as of April 23, 2020).  As discussed more fully below, each request "reasonably describes" the records Plaintiff seeks, 5 U.S.C. § 552(a)(3)(A)(i), and, to the extent possible, specifies documents, authors, dates, and corroborating information establishing the existence of the requested records.  The requests are summarized in the following eight paragraphs and attached in full as Exhibits 1 through 8.

15.     **Request F-2020-05124** (Exhibit 1) seeks a single document: "Ambassador Karl W. Eikenberry, Contracting Oversight in Counterinsurgency (COIN) Strategy, The Embassy of the United States, Kabul, Afghanistan, November 3, 2010 as described in Moshe Schwartz, Wartime Contracting in Afghanistan:  Analysis & Issues For Congress at 8 n. 33, Congressional Research Service (Nov. 14, 2011) available at https://fas.org/sgp/crs/natsec/R42084.pdf."

16.     **Request F-2020-05126** (Exhibit 2) seeks specified contracts and related documentation concerning projects in Afghanistan performed or contracted for performance by specific contractors listed in the request.

17.     **Request F-2020-05127** (Exhibit 3) seeks diplomatic cables originating from Kabul or Washington D.C. regarding contracting or reconstruction projects and/or private security companies and terrorist finance.  The request includes suggested search terms, as well as a list of exemplar documents known to exist and known to be responsive to the request.

18.     **Request F-2020-05128** (Exhibit 4) seeks diplomatic cables originating from Kabul or Washington D.C. relating to Afghanistan and including the names of specific contractors listed in the request.

19.     **Request F-2020-05129** (Exhibit 5) seeks documents authored, created, or sent by Jim Wasserstrom, a Senior Advisor on Anticorruption at the U.S. Embassy in Kabul and a Senior Advisor and Team Lead on the Corruption Team at the Special Inspector General for

Afghanistan Reconstruction ("SIGAR").  The requested documents relate to contracting or reconstruction projects and/or private security companies and terrorist finance.

20.     **Request F-2020-05130** (Exhibit 6) seeks documents authored, created, or sent by the Joint Narcotics Analysis Center regarding contracting or reconstruction projects and/or private security companies and terrorist finance.

21.     **Request F-2020-05131** (Exhibit 7) seeks contracts and related documentation concerning Kabul Embassy Guard Contracts in Afghanistan, at least some of which are known to have been awarded to specifically named defense contractors.  Specific contracts known to exist and known to be responsive to the request are given as illustrations to guide the Department's search.

22.     **Request F-2020-05132** (Exhibit 8) seeks documents used or created by the U.S. State Department Terrorism Finance Working Group (as referenced in Department of Defense Directive No. 5205.14, Enclosure 2, paragraph 2(g), *available at* https://www.hsdl.org/?view&did=800805) referring to any of the following in connection with Afghanistan: (a) government contracting; (b) mobile-phone networks; (c) extortion; and (d) a list of specific contractors.

23.     On April 1, 2020, more than 20 working days after the delivery of the aforementioned FOIAs, Plaintiff sent a letter to the Department's FOIA Office e-mail address (foiarequest.gov) to inform the Department that Plaintiff had yet to receive a determination as required under FOIA.  This letter is attached as Exhibit 9.

24.     On April 8, 2020, the Department emailed Plaintiff three acknowledgment e-mails assigning tracking numbers to requests F-2020-05124, F-2020-05127, and F-2020-05128 as detailed in the table below, and indicating that the requests had been received by the appropriate

office within the Department.  The e-mails incorrectly indicated that the three requests had been

received on April 2, 2020, despite the fact that they had been properly delivered to the

Department's FOIA email address on March 2, 2020.  With respect to request F-2020-05124, the

Department additionally indicated that "[the] Office will not be able to respond within the 20

days provided by the statute due to 'unusual circumstances.' See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

In this instance, the unusual circumstances include the need to search for and collect requested

records from other Department offices or Foreign Service posts."  No additional information was

provided to or requested from Plaintiff in these initial acknowledgments.  These

acknowledgment e-mails are included as Exhibits 10, 11, and 12.

25.     On April 9, 2020, Plaintiff sent the Department a letter pointing out the incorrect

receipt date for Request Nos. F-2020-05124, F-2020-05127, and F-2020-05128, and again

seeking a prompt determination on each of its requests.  This letter is attached as Exhibit 13.

26.     On April 10, 2020, the Department emailed Plaintiff five additional

acknowledgment e-mails assigning tracking numbers to Request Nos. F-2020-05126, F-2020-

05129, F-2020-05130, F-2020-05131, and F-2020-05132.  Each acknowledgment email

indicated that these five requests had been received by the appropriate office within the

Department on March 2, 2020.  With respect to all five requests, the Department indicated it

would invoke the "unusual circumstances" extension, despite the fact that the period in which an

extension could be requested pursuant to FOIA had already expired.  No additional information

was provided to or requested from Plaintiff in these initial acknowledgments.  These

acknowledgment e-mails are included as Exhibits 14, 15, 16, 17, and 18.

27.     On April 15, 2020, Plaintiff sent the Department another letter stating that the

Department was not in compliance with its obligations under FOIA for each of the eight

requests, and again seeking a prompt determination on each of its requests.  This letter is attached as Exhibit 19.

28.     On April 22, 2020, the Department sent the Plaintiff an email stating that the "[estimated date of completion] for all of your requests is **February 3, 2023**," just under three years from the date the requests were submitted.  *See* Exhibit 20.

29.     The Department has never asserted that any of these requests failed to reasonably describe the records sought or was improper or deficient in any manner.  Nor has the Department ever requested any additional information from Plaintiff.  Instead, the Department has failed to respond substantively at all to Plaintiff's requests and repeated correspondence, only responding to inform Plaintiff that it should not expect a response or determination on any its requests until 2023.

## III.     The Department Failed to Make Determinations within FOIA's Time Limits, and Plaintiff Has Constructively Exhausted Administrative Remedies

### A.     The Department Violated FOIA's Time Limits and Search Requirements

30.     Under FOIA, an agency must process and make a "determination" on a FOIA request within 20 working days of receiving the request (or 30 working days should an agency provide a written notice within the 20 day working period setting forth any "unusual circumstances"[2] for such extension).  5 U.S.C. §§ 552(a)(6)(A)(i) and (viii).  The statute specifically mandates that the agency must, at a minimum: (i) gather and review requested documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, along with the reasons for withholding any documents; and (iii) inform the requester

---

[2] As defined in FOIA, "unusual circumstances" means, "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

that it can appeal whatever portion of the "determination" is adverse.  *See Spannaus v. DOJ*, 824

F.2d 52, 59 n. 7 (D.C.Cir.1987); *Citizens for Responsibility and Ethics in Washington v. Federal*

*Election Com'n*, 711 F.3d 180 (D.C. Cir. 2013).

31.     While FOIA provides that under "unusual circumstances" an agency may extend

the 20-day period to respond by an additional ten working days, according to the Department's

own FOIA regulations, in order to claim such extension the Department was required to provide

Plaintiff with written notification "of the unusual circumstances involved and of the date by

which processing of the request can be expected to be completed," "**before expiration of the 20-**

**day period to respond**."  22 C.F.R. § 171.11(g).

32.     Pursuant to the Department's FOIA regulations, "[t]he Department is in receipt of

a request when it reaches the [Office of Information Programs and Services]." 22 C.F.R. §

171.11(e).  As such, on information and belief, each of the above referenced FOIA requests were

received on March 2, 2020, when they were delivered to the Department's FOIA email address.

As the Department did not request an extension within the 20-working-day period for any of the

eight requests, the Department was required to make a determination on all requests by March

31, 2020, the date marking 20 working days after the receipt of the above referenced requests.

*See also* 22 C.F.R. § 171.11(g) ("The statutory time limit for responding to a FOIA request or to

an appeal from a denial of a FOIA request is 20 working days").

33.     Even had the Department made a timely request for an extension on any of these

five requests, the Department would have been required to provide a determination at the latest

by April 14, 2020, which it did not do. Additionally, for all requested extensions, the Department

failed to specify the expected date it would be able to make its determination, as required by 5

U.S.C. § 552(a)(6)(B)(i) (allowing an extension only if the Department provides "written notice .

. . setting forth the unusual circumstances . . . *and* the date on which a determination is expected to be dispatched"). *See also* 22 C.F.R. § 171.11(g) ("Whenever the statutory time limit for processing a request cannot be met because of 'unusual circumstances' as defined in the FOIA, and the Department extends the time limit on that basis, the Department shall, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved *and of the date by which processing of the request can be expected to be completed*.") (emphasis added).

34.    As to the Department's earlier claim in its April 8, 2020 correspondence that three of the eight requests (Nos. F-2020-05124, F-2020-05127, and F-2020-05128) were received on April 2, 2020, according to the Department's FOIA regulations, "[r]egardless of which … office[] authorized to receive FOIA requests receives the request…, the Department shall have no more than 10 working days to direct a request to the appropriate office…, at which time the 20-day limit for responding to the request will commence." *Id.* Therefore, even assuming the Department did not in fact "receive" the three requests on March 2, 2020 (despite having received the other five requests sent on the same date to the same email address), the Department would be deemed to have received such requests at the latest by 10 days after they were submitted to the Department's FOIA email address, or by March 16, 2020. The Department would therefore be required to have made a determination on these three requests, or have requested up to a 10-day extension based on unusual circumstances, at the latest by April 13, 2020. As reflected in the table below, the Department only requested a 10-working-day extension for one of the three requests (No. F-2020-05124) it claimed it did not receive on March 2, 2020 (without, however, providing the date by which processing of the request can be expected to be completed). Therefore, were Request No. F-2020-05124 deemed to have been

received on March 16 (not on March 2, when the request was actually sent to the Department),

the Department would have had at the latest until April 27, 2020 to provide a determination,

which it did not do. The Department likewise did not provide a determination or seek a timely

extension for the remaining two requests (Nos. F-2020-05127, and F-2020-05128) by April 13,

2020.

35.     For each of the eight FOIA requests at issue, the below table summarizes the date

of submission, date of perfection, date of acknowledgment, and date of timely and untimely

invocation of extension, as well as the latest date when a timely determination would be due

under statute and Department regulations.

| Submission Date | Request Number | Date of Perfection[3] | Extension Requested Date | Latest Determination Due Date |
|---|---|---|---|---|
| March 2, 2020 | F-2020-05124 | March 16, 2020[4] | April 8, 2020 | April 27, 2020 |
| March 2, 2020 | F-2020-05126 | March 2, 2020 | April 10, 2020 (untimely) | March 31, 2020 |
| March 2, 2020 | F-2020-05127 | March 16, 2020 | None | April 13, 2020 |
| March 2, 2020 | F-2020-05128 | March 16, 2020 | None | April 13, 2020 |
| March 2, 2020 | F-2020-05129 | March 2, 2020 | April 10, 2020 (untimely) | March 31, 2020 |
| March 2, 2020 | F-2020-05130 | March 2, 2020 | April 10, 2020 (untimely) | March 31, 2020 |
| March 2, 2020 | F-2020-05131 | March 2, 2020 | April 10, 2020 (untimely) | March 31, 2020 |
| March 2, 2020 | F-2020-05132 | March 2, 2020 | April 10, 2020 (untimely) | March 31, 2020 |

36.     As no determinations were made for any of the requests within any of the

permissible time periods, the Department is in violation of its statutory obligations under FOIA

for all eight requests.

---

[3] The Department "receives" a request when "the appropriate component" receives it, or 10 business days after any agency FOIA office receives it.  5 U.S.C. § 552(a)(6)(A)(ii); 22 U.S.C. § 171.11(e) (State Department regulations describing the same timing).
[4] While Plaintiff maintains that all eight requests were received on March 2, 2020, even assuming the Department did not receive the submitted requests when they were sent to its FOIA email address, the latest date in which the request would be deemed "received" would be 10 working days after submission (i.e. March 16, 2020).

37.     The Court should therefore compel the Department to expeditiously complete adequate searches, make determinations, and produce responsive, non-exempt documents.

**B.      Plaintiff Has Constructively Exhausted Administrative Remedies**

38.     For each of the eight requests, the Department has not stated which documents will be produced or withheld, provided reasons for any withholding, or informed Plaintiff of appellate rights.  The Department has only informed Plaintiff that any response is not expected until February 3, 2023.  The Department has thus not made a determination.  *See Spannaus v. DOJ*, 824 F.2d 52, 59 n. 7 (D.C.Cir.1987); *Citizens for Responsibility and Ethics in Washington v. Federal Election Com'n*, 711 F.3d 180 (D.C. Cir. 2013).

39.     As stated above, the time limits under FOIA and Department regulations have expired for each request at issue.  5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i); 22 U.S.C. § 171.11.  As such, Plaintiff is therefore "deemed to have exhausted [] administrative remedies" with respect to the foregoing FOIA violations, and the FOIA statute authorizes Plaintiff to bring suit in this District to compel prompt production and enjoin continued wrongful withholding of records responsive to Plaintiff's requests. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

40.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.     Plaintiff properly requested records within the possession, custody, and control of the Department.

42.     The Department is an "agency" subject to FOIA.

43.     The Department was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA requests.

44.     The time under 5 U.S.C. § 552(a)(6) for the Department to conduct such a search and to make a determination as to each of Plaintiff's FOIA requests, informing Plaintiff which documents the Department intends to produce and withhold, and the reasons for withholding any documents, has expired.

45.     The Department has wrongfully failed to make and communicate to Plaintiff a determination as to each of Plaintiff's FOIA requests.

46.     Pursuant to 5 U.S.C. § 552(a)(3)(A), the Department was required to promptly produce all responsive records that are subject to disclosure under FOIA.

47.     The Department has wrongfully failed to make such a production for any of Plaintiff's FOIA requests.

48.     Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

49.     Plaintiff is entitled to an order compelling the Department to conduct reasonable searches sufficient to locate responsive records and to expeditiously produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

50.     To facilitate determination of the validity of any withholdings based on FOIA exemptions the Department may ultimately assert, Plaintiff seeks an order compelling the Department to produce indexes justifying redactions to or withholding of responsive records.

## COUNT TWO:  Declaration Precluding Assessment of Fees

51.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     The Department has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

53.     The Department failed to provide timely written notice to Plaintiff of any unusual circumstances.

54.     The Department has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff could limit the scope of any of Plaintiff's FOIA requests.

55.     No court has determined that exceptional circumstances exist.

56.     Accordingly, Plaintiff is entitled to a declaration that the Department may not assess any search fees associated with any of Plaintiff's FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

## PRAYER FOR RELIEF

57.     Plaintiff requests that the Court:

    a.  Order the Department to expeditiously conduct a reasonable search for all records responsive to Plaintiff's FOIA requests, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

    b.  Order the Department to produce within twenty (20) days or such other time as the Court deems proper all records responsive to Plaintiff's FOIA requests that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

    c.  Declare that the Department failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under § 552(a)(4)(A)(viii) with respect to any of Plaintiff's FOIA requests;

    d.  Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e.  Grant Plaintiff any other relief the Court deems just and proper.

Dated:  May 1, 2020

Respectfully submitted,

*/s/ Randall Jackson*_____
Randall Jackson (D.C. BAR No. 490798)
Nicholas Reddick[*]
Devin Charles Ringger (D.C. BAR No.
1044160)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
RJackson@willkie.com
NReddick@willkie.com
DRingger@willkie.com

*Counsel for Plaintiff*

---

[*] D.C. Bar admission pending; California Bar No. 288779. Practicing under supervision of members of the D.C. Bar.